By the Court.—Monell, Ch. J.
Upon the first appeal in this case (42 N. Y. 493) the court held that the memorandum signed by the defendants was sufficient to constitute a valid contract, within the statute of frauds, if there was a consideration therefor moving to the defendants ; and that an acceptance of the memorandum by the plaintiff, and a promise, express or implied, to accept and pay for the guns, was a sufficient consideration. And it seems to have been assumed by the court that there was evidence of such acceptance and promise, and a new trial was ordered.
Upon the second trial the submission to the jury was confined to the question of damages. The court refused to submit to them whether there had been an express or implied promise to accept and pay, not on the ground that there was no dispute in the evidence, but that such promise was to be necessarily implied from the circumstance of the plaintiff’s receiving the memorandum from the defendants, about which there was no dispute.
Upon the second appeal (52 N. Y. 323) the court affirming the former decision sustaining the validity of the contract, has left the only remaining question that of consideration, which as the case then presented itself, was held to be one of fact for the jury.
I have not been able to discover any essential difference in the evidence as given on the second and last trial. The effort of the defendants on each occasion, has been to establish that the delivery of the memorandum was upon a condition not fulfilled by the plaintiff.
The answer of the defendants • alleges, that the *285 plaintiff agreed to give a written order for the one thousand rifles, and to give a further order for one thousand more, to be accompanied with a letter of credit; and that upon that condition the memorandum was delivered to the plaintiff. The evidence shows tliat the plaintiff declined, for a reason stated, to give the written order until his return to Philadelphia, but promised to send it from that place.
The dispute arises as to whether the order was to be for one thousand or for two thousand rifles. The defendants insist that the condition was, that the order should embrace both lots, and should be for two thousand' rifles, including the one thousand mentioned in the memorandum, and the one thousand which was to be the further order. While the plaintiff avers that the only order he was to give, was for the second lot of one thousand, insisting that the contract for the first one thousand was complete by his acceptance of the written memorandum.
The presumptions which arise from facts are not presumptions of 'law, but of fact. A jury might infer from circumstances that the plaintiff had promised to accept and pay for the one thousand rifles mentioned in the memorandum. Even though they found the order related to ihe last one thousand rifles, they might, looking at the manner of delivery of the memorandum, have, perhaps, implied from it a promise to pay.
But, as the court say, that being a presumption of fact, must be decided by the jury “under the rule which so clearly separates the office of the judge from that of the jury.”
The theory of the plaintiff, that, if the order referred or related to the second lot of rifles, so as not to make it a condition affecting the first or memorandum lot, there was sufficient other evidence from which could fairly be inferred that he had promised to accept and pay for the first lot, made it no less a question for the *286 jury, and raised no presumption of law, which, could authorize the court to dispose of it. Neither would such an inference, or a positive finding of a promise to pay, necessarily destroy the other defense, that although there may have been a promise by the plaintiff, the defendant’s promise was upon a precedent condition, which had not been fulfilled.
The defense was, that the memorandum was not to take effect as a contract, until the plaintiff had given the order for the two thousand rifles ; and the referee has found as a fact, “that the memorandum or agreement was not delivered absolutely, but only in the expectation and on the condition that a written order should be given by the plaintiff for two thousand rifles, and which was to embrace the one thousand rifles mentioned in the memorandum or agreement, in such a form as to make it a valid contract upon the plaintiff as well as upon the defendants; and that the understanding of both parties was, at the time the memorandum or agreement was delivered, that the contract for the rifles was incomplete, and only to become perfect upon the receipt by the defendants of the written order from the plaintiff to procure for him the two thousand rifles mentioned and referred to, of which the one thousand rifles were a part.”
This finding, it seems to me, conclusively disposes of the plaintiff’s case, if it is fairly supported by the evidence, and I think it is.
But there is another finding by the referee which comprehends the whole ground of action, and destroys the only basis on which the memorandum can be sustained under the statute.
The referee finds that the plaintiff did not, at the time the memorandum was delivered to him, accept it absolutely and unconditionally as a completed contract, and did not agree at that time to be bound by its terms.
*287 This latter finding disposes of any alleged implied, or express promise to accept or pay for the rifles referred to in the memorandum.
The appellant claims that the interpolation of some words, in an extract from the opinion of the court upon the last appeal, has led to the error which he insists the referee has fallen into.
The court say the jury might have found that a written order should be given by the plaintiff, and the referee has added as if a part of the opinion—“for two thousand rifles, being for one thousand in addition to those mentioned in the memorandum.’’ But the court had just previously alluded to what the plaintiff had said—“I want to order two thousand rifles,”-—upon the strength of which, and a representation concerning the capacity of Birmingham, for the manufacture of rifles, the defendants consented to take an order for two thousand guns. The memorandum was then delivered, the defendants saying, “ Give me the order.”
The order, therefore, which the court say the jury might have found,, was the order for two thousand guns, which would of course cover the one thousand mentioned in the memorandum. The words interpolated by the referee, are not inconsistent with, but as an amplification of the meaning of the court, in its reference to the order which might be found from the evidence.
The effect of this allusion to an order for two thousand rifles, to include the one thousand specified in the memorandum, was not that the first contract was, or was to be for two thousand rifles. The second lot was a further order—in addition to the first lot—it was spoken of at the same time, and the plaintiff promised that the order to be sent from Philadelphia, should cover both the first and the further lots, making in all two thousand rifles. This is a legitimate inference from all the evidence; and I have failed to find the attempt *288 anywhere made, to make the memorandum cover the two thousand rifles. The second lot was yet to be ordered, and the order was promised to be sent. The parties did not regard it, and the court has nowhere so construed or treated it, as changing a contract for one thousand guns, into a coritract for two thousand guns. The contract for the first lot was to be complete upon receiving the order for the two thousand, which was to include the first lot, but the defendants were, probably, not bound to accept the entire order, and could have rejected the second lot, retaining the order as consummating and completing the agreement for the first thousand. But even if the condition was that the order should be for two thousand rifles, and that the memorandum for one thousand should be incomplete„as a contract, until the condition was fulfilled, it was a lawful condition, and the plaintiff in default of complying with it, has no means of otherwise furnishing the necessary consideration to satisfy the statute óf frauds.
The question left by the court of appeals as the only question to be disposed of, namely, whether there was a promise of the plaintiff to accept, and pay for the guns specified in the memorandum, has been, it seems to me, fully and carefully considered by the referee upon all the evidence in the case. He was authorized to give importance and prominence to the evidence tending to establish the existence of a condition precedent as affecting the memorandum; and having found against the plaintiff on that question, upon evidence sufficiently conflicting to bring his decision within the well'recognized rule in regard to the review of questions of fact, it should not be disturbed.
It does not, in my judgment, affect the question, that the order embraced, or was to embrace, more than the one thousand guns specified in the memorandum. .It was essential to the validity of the contract, than an *289 order for the first lot should be given, and it is quite immaterial, whether it was separately given, or was included in one general order for both lots.
Nor is the defense weakened by the action of the defendants in immediately upon the delivery of the memorandum, proceeding with measures to fulfill their part of the agreement. Trusting to the promise of the plaintiff to give vitality to the contract, by sending his written order from Philadelphia, they were justified in being active, as their time for delivery was limited.
In conclusion I believe that the case has been fairly decided. The plaintiff was endeavoring to recover a loss of profit only. He had parted with neither money nor value ; and as the referee has decided, incurred no corresponding liability to the defendants. He was bound, therefore, to show a clear right to recover. Not having done so he must submit to the judgment against him.
The judgment should be affirmed.
Curtis, J., concurred.